# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0541V
Filed: May 16, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WINIFRED CAMPBELL, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 27, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered adhesive capsulitis as a result of her October 23, 2013 influenza vaccination. On December 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 39). Petitioner now moves for an award of attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

On April 4, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 43). Petitioner requests attorneys' fees and costs in the amount of $30,574.24, of which $691.24 represents attorney costs and the remaining $29,883.00 represents attorney and paralegal fees.[3] (ECF No. 43-3, p. 15.) On April 11, 2017, respondent filed a response to petitioner's motion. (ECF No. 45).

In his response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

## II. Authority to Award Reasonable Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorney's fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

## III. Discussion

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request requires reductions of both the hours and hourly rates that have been billed in this case.

---

[3] This is the undersigned's calculation. Counsel's billing invoice does not include a separate total for attorneys' fees and no totals are given for the attorney and paralegal hours billed.

2

### A. Reduction to a Reasonable Hourly Rate

In this case, Mr. Cinelli proposes an hourly rate of $300 per hour for all work performed from 2014 through 2017. (*See* ECF No. 43-3.) Recently, however, petitioner's counsel moved for an award of attorneys' fees in a contemporaneous case at a lower hourly rate of $275 per hour for work performed from 2014 through 2016. *See Schupp v. Sec. Health & Human Servs.,* 15-1264V (Fed. Cl. Spec. Mstr. May 10, 2017). In *Schupp*, the undersigned found counsel's prior rate to be reasonable in light of his experience. *Id.*

The undersigned is not persuaded that a rate different from that awarded in *Schupp* is warranted in this case or that petitioner's request for a higher rate for contemporaneous work is reasonable. Accordingly, the undersigned awards counsel attorneys' fees in this case, consistent with *Schupp*, at a rate of $275 per hour for work performed from 2014 through 2016.[4] However, in light of his increasing experience in the Vaccine Program, the undersigned allows counsel's requested rate of $300 per hour as reasonable for work performed in 2017.

Upon the undersigned's tabulation, Mr. Cinelli billed a total of 70.4 hours from 2014 through 2016, amounting to $21,120.00 at the requested rate of $300 per hour. (ECF No. 43-3.) Reducing the hourly rate to $275 results in a reduction of $1,760.00.

### B. Reduction to a Reasonable Number of Hours

Upon review of the billing records, the undersigned notes that counsel billed 26 hours of attorney time to review the initially filed medical records and draft the petition in this case. (ECF No. 43-3.) An additional 20 hours of paralegal time was billed for review of the records and preparation of a chronology. (*Id.*) However, less than 100 pages of medical records were filed in this case prior to the undersigned's finding of entitlement. (*See* ECF Nos. 6, 11.) Subsequently, less than 70 pages of additional updated medical records were filed in this case. (*See* ECF Nos. 27, 33.) Counsel billed 7.6 hours of attorney time and 13.4 hours of paralegal time for the review of these later-filed records. (ECF No. 43-3.)

In the undersigned's experience adjudicating similar types of SIRVA (shoulder injury related to vaccine administration) claims and reviewing the associated billing records of such SIRVA claims, the hours billed in this case are significantly higher and appear excessive. *See, e.g. Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that the court must exclude "hours that are excessive, redundant, or otherwise

---

[4] Nor would awarding an increased rate be appropriate if petitioner's counsel had initially billed this case at the lower rate as his prior *Schupp* application suggests may have been the case. *See, e.g. Simmons v. Sec'y Heath & Human Servs.*, No. 11-216V, 2016 WL 6156330 (Fed. Cl. Spec. Mstr. Sept. 28, 2016)(finding that petitioner's counsel could not apply an attorney rate increase retroactively for work previously performed).

3

unnecessary."); *Schupp, supra* (finding similar hours by the same counsel to be excessive). Therefore, the undersigned reduces the above-identified billing by 20%. This results in a reduction of $2,582.80.[5]

## IV.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $29,883.00 |
| Less hourly rate reduction: | -$1,760.00 |
| Less reduction in hours: | -$2,582.80 |
| Adjusted total: | $25,540.20 |
| Costs: | $691.24 |
| **Total Attorneys' Fees and Costs Awarded:** | **$26,231.44** |

**Accordingly, the undersigned awards the total of $26,231.44[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Marcus & Cinelli, LLP.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[5] The undersigned reduces 33.6 hours of attorney time by 20%, resulting in a 6.72 hour reduction. At the above-discussed rate of $275 per hour, that results in a deduction of $1,848.00. The undersigned reduces 33.4 hours of paralegal time by 20%, resulting in a reduction of 6.68 hours. At a rate of $110 per hour, that results in a deduction of $734.80. Thus, the total reduction is $2,582.80.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.